Turney, J.,
delivered the opinion of the Court.
On the 26th of January, 1867, John B. Hamilton et al. filed their bill in the Chancery Court at Mem- *311 pbis against John W. Leftwick and wife, Gertrude, seeking to set aside for fraud. a. deed to the wife, and apply the proceeds of a sale of a lot to the payment of the husband’s debts. On the -same day process was issued, and returned endorsed by the Sheriff r “After diligent search the within named parties is not to be found in my county.” On the 28th, summons to answer issued, and was returned endorsed: “Executed and delivered copy of bill to J. W. Leftwick.
“ April 1, 1867. P. M. WiNters, Sheriff.
By E. W. Caldwell, D. S,”
On the 15th of June, 1867, is an order pro eon-fesso, in which occurs the language: “In this cause it appearing to the court, on motion, that the process-of subpoena has been returned herein duly executed upon the defendants,” etc. * * * * * “And it further appearing that said defendants appeared by their counsel at a former day of this term and asked and obtained time until the June rules,. 1867, to file their answer,” etc. * * * *
On the 28th of June, 1867, a decree was pronounced declaring the deed fraudulent, and ordering the lot to be sold in the event ' the debts were not paid within sixty days. On the 9th of April, 1868, Gertrude Leftwick, by her next friend, G. P. Leak, filed her petition for writs of error coram nobis, asking “that said writ operated as a supersedeas to restrain and stay proceedings under said void decree,” etc, asking leave to answer in the original cause, and praying for general and appropriate relief. In this petition the fraud charged in the' bill is denied, and the *312 circumstances and character of petitioner’s ownership to the lot particularly detailed. It is alleged that for the femme covert, no defense whatever was put in, and without her knowledge and consent, and without service, a decree pro confesso was taken, that the proceeding was wholly ex parte as to her: no answer, no appearance, no proof, no service, no hearing. On motion, the Chancellor dismissed the petition for want of equity on its face, because it was not sworn to by Gertrude, but by her next friend; because it appeared that service of subpoena was duly made; because she appeared by counsel and asked for time to answer. As to the first ground, we simply say it must have been the mechanical work of the draftsman, the petition’s face abounding in equity. The return of the Sheriff, which is relied upon as the' proof of the fact, does not show satisfactorily that Mrs. Left-wick was served with process, but taking the return as an entirety, the more reasonable construction is that none but J. W. Leftwiek was summoned. His name only appears; the word “executed” is connected by the conjunctive “and,” with the balance of a continuous sentence, in which occurs the name of J. W. Leftwiek, making the execution and delivery upon and to him singly. At most, the extent of the time is doubtful. The petition makes upon it an issue of fact which the party has the right to have tried. The decisions of this court, to the end that the return of the officer of the service of original process can not be contradicted, were made in suits at law, iii proceedings in cases of- certiorari and supersedeas, *313 and were in these when the rule has been adhered to by the present bench, it was by a majority, in obedience to precedent, and not from a conviction of its original correctness, the entire court concurring that such issue could be made and tried by proceedings in Chancery. The wife can ordinarily only sue her husband by next friend, as is done here. The reason of the rule is, that the court may have before it, amenable to its orders, punishable for violation and responsible for costs, a party sui juris, upon whom it may effect its decrees. Also that the interests of the wife may be protected against the husband and his will, and in some instances even against the will of the wife. Any one may become the next friend, and in so doing takes upon him the character of responsibilities mentioned, as well as that of good faith in the prosecution of the suit. It follows that, as next friend, he is a proper party to make oath to the truth of the facts. Taking the case upon the last objection — her appearance by attorney — the question is, Is there any exception to the general rule that a femme' covert can not bind herself-by a contract, allowing her to employ or appoint an attorney? Does the fact that she may need legal advice and service authorize her to engage an attorney whose acts shall bind her in the premises? In what does such agreement, contract, or conduct differ from acts of like nature in other business transactions? and especially in the absence of compulsory process bringing her before the court ?
The adjudication of these questions is not absolutely *314 necessary to a decision of this particular ease, though to .some extent involved, and may yet become material. The authority is denied in' the allegations of the petition, which tenders a question of the fact of its existence. This is not a case of the class in which the verity of the record shall not be contradicted. The pleading of the next friend, though denominated a petition for writs of error eoram nobis, is a bill to avoid a decree as well. The decree is reversed, and the cause remanded for further peoceedings.